# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| PAUL C. THOMPSON, JR., | ) |
|     Plaintiff, | ) Civil Action No. 7:17cv00010 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| H. W. CLARKE, *et al.* | ) By: Norman K. Moon |
|     Defendants. | ) United States District Judge |
| | ) |

Paul C. Thompson, Jr., an inmate proceeding *pro se*, filed this action under the Civil Rights Act, 42 U.S.C. § 1983 and state law about prison conditions at River North Correctional Center between November 17, 2014, and March 25, 2015. He names the Commonwealth of Virginia as a defendant to all his claims. After review of the record, I conclude that the claims against the Commonwealth must be dismissed.

The Commonwealth has filed a motion to dismiss, arguing that under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal court by her own citizens." *Lee-Thomas v. Prince George's Cty. Pub. Sch.*, 666 F.3d 244, 248 (4th Cir. 2012) (quoting *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)). In response to the motion to dismiss, Thompson concedes that the Commonwealth has immunity against his § 1983 claims in Counts (1), (2), and (3). On that ground, I will grant the defendant's motion as to these counts.[1]

Counts (4) and (5) of the complaint allege assault by prison guards, negligence and gross negligence by a multitude of prison employees, and violations of the Virginia Constitution, Article I, Sections 9, 11, and 12. Thompson argues, however, that Eleventh Amendment

---

[1] Thompson's complaint names thirty prison officials as defendants who have filed dispositive motions that I will separately address.

immunity does not bar his supplemental state law claims against the Commonwealth. For the first time in response to the Commonwealth's motion to dismiss, Thompson declares that he is bringing his supplemental state law claims under the Virginia Tort Claims Act ("VTCA"), Va. Code Ann. § 8.01-195.1 *et seq.*

The VTCA provides an express, limited waiver of the Commonwealth's sovereign immunity and "must be strictly construed" because the Act "is a statute in derogation of the common law." *Baumgardner v. Sw. Va. Mental Health Inst.*, 442 S.E.2d 400, 402 (Va. 1994). By its own terms, the VTCA "explicitly limits jurisdiction over claims brought under the Act to Virginia courts." *Creed v. Virginia*, 596 F. Supp. 2d 930, 938 (E.D. Va. 2009) (quoting Va. Code Ann. § 8.01-195.4).

> While "[t]he whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking," what is lacking here is not just original jurisdiction over the VTCA claim but, under the terms of the statute, the ability to hear such a claim at all. [*City of Chicago v.*]*In'l College of Surgeons*, 522 U.S. [156,] 167 [1997]. A district court's ability to take jurisdiction over a VTCA claim is doubtful because the Virginia legislature has expressly limited the jurisdiction over VTCA claims to Virginia state courts.

*Id.* at 938–39. I have already determined that Thompson's § 1983 claims against the Commonwealth must be dismissed. Accordingly, I decline to exercise supplemental jurisdiction over his VTCA state law claims under 28 U.S.C. § 1367(c)(3).

For the reasons stated, I will grant defendants' motion for summary judgment.

Entered this 29th day of March, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE