# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **PAUL C. THOMPSON, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.: 7:17cv10** |
| | ) | |
| **HAROLD W. CLARKE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MOTION FOR JUDGMENT UNDER RULE 54(b)

COME NOW defendants Lisa Tolbert, Cynthia Hall, Darlene Wells, Lisa Shaffer, and Eric Potter, M.D., (collectively the "Medical Defendants"), by counsel, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure and file this Motion for Judgment requesting entry of an Order granting the Medical Defendants partial final judgment. In support thereof, the Medical Defendants state as follows:

### STATEMENT OF THE CASE

This is a prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. The Medical Defendants filed multiple dispositive motions. See ECF Nos. 44, 46, 62, 64, 66, 68. On March 29, the Court entered an Order granting the Medical Defendants' respective motions to dismiss and terminating the Medical Defendants as defendants in this case. ECF No. 143.

### ARGUMENT & AUTHORITIES

"When an action presents more than one claim for relief . . . or when multiple parties are involved," Rule 54(b) permits the Court to enter "final judgment as to one or more, but fewer than all, claims or parties . . . if there is no just reason for delay." Fed. R.

- 1 -

629.0271\NHS
4817-0481-6747 .v2

Civ. P. 54(b). While Rule 54(b) certification is "the exception rather than the norm," it is proper when "'costs and risk of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" Braswell Shipyards v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993) (quoting Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981)). The moving party bears the burden of demonstrating that a partial final judgment is warranted. Id. (citing Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975)). If the court grants the motion, it must "clearly and cogently" state its reasons for "deviat[ing] from the norm." Travis v. Prime Lending, No. 3:07cv65, 2008 WL 2397330, 2008 U.S. Dist. LEXIS 46058, at *13 (W.D. Va. June 12, 2008) (citing Braswell, 2 F.3d at 1336).

The Rule 54(b) analysis involves a two-step test. "First, the Court must determine whether the judgment is final," meaning that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Vanburen v. Va. Highlands Orthopaedic Spine Ctr., LLC, 728 F. Supp. 2d 791, 801 (W.D. Va. 2010) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). "Second, the Court must determine whether there is no just reason for delay in the entry of judgment," keeping in mind "the federal policy against piecemeal appeals." Id. (internal quotations omitted). Several factors inform the Court's determination as to the second step, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 2 -

considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

MCI Constructors, LLC v. City of Greensboro, 610 F.3d 849, 855 (4th Cir. 2010) (citation omitted). No one factor is dispositive, and the Court must keep in mind "'two broad sets of considerations—the parties' interest in swift resolution of their disputes, and the juridicial concerns of preserving judicial resources and guarding against the unnecessary resolution of issues.'" Vanburen, 728 F. Supp. 2d at 802 (quoting Fox v. Baltimore City Police Dep't, 201 F.3d 526, 531 (4th Cir. 2000)).

## I.    **The Court's March 29 Order is a Final Judgment.**

The Court's March 29 Order is final with respect to the Medical Defendants. The Order dismisses all claims against the Medical Defendants and terminates them from this action. Therefore, it is the ultimate disposition of the claims against the Medical Defendants. See Vanburen, 728 F. Supp. 2d at 802.

## II.    **There is No Just Reason for Delay.**

The claims against the Medical Defendants are not significantly connected to the claims against the corrections defendants. As to the Medical Defendants, Thompson claimed they "provided inadequate treatment for his blood pressure and knee problems as a means of retaliating against him for filing prisoner civil rights lawsuits and administrative remedy forms." ECF No. 142, at *1–2. The claims against the corrections defendants relate to non-medical issues. See ECF No. 149 at *3–6. By contrast, the claims against the Medical Defendants relate solely to the medical treatment provided to Thompson. While the claims against the two sets of defendants arise from Thompson's incarceration at River North Correctional Center, their similarities end there. Thus, an



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 3 -

appeal as to the Medical Defendants would not impact the claims as to the corrections defendants.

Second, it is unlikely that review of the Court's decision with respect to the Medical Defendants will be rendered moot by further developments in this Court. Again, the alleged acts of the Medical Defendants and the corrections defendants are not intertwined. Third, the reviewing court would not have to consider the same issue a second time. The Court dismissed the Medical Defendants on the basis of Thompson's failure to state a claim. This is a pure question of law. If reversed and remanded, the claim would be adjudicated on the facts. See Metzermacher v. AMTRAK, 487 F. Supp. 3d 24, 28 (D. Conn. 2007) (quoting Hudson River Sloop Clearwater, Inc. v. Dep't of Navy, 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaning before the trial court the certified claims may be considered separate claims under Rule 54(b)."). Finally, there are no counterclaims pending, and "resolution of the matter will obviate the chance for duplicitous discovery and litigation in the future." Vanburen, 728 F. Supp. 2d at 803.

<div align="center">

CONCLUSION

</div>

WHEREFORE, for the foregoing reasons defendants Lisa Tolbert, Cynthia Hall, Darlene Wells, Lisa Shaffer, and Eric Potter, M.D., respectfully request that the Court enter an Order granting their Motion for Partial Final Judgment pursuant to Rule 54(b) and granting such further relief as the court deems just and proper.

<div style="margin-left: 50%;">

Respectfully Submitted,

LISA TOLBERT, CYNTHIA HALL, DARLENE WELLS, LISA SHAFFER AND ERIC POTTER, M.D.

</div>



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 4 -

629.0271\NHS
4817-0481-6747 .v2

/s/_____
Katherine C. Londos (VSB #: 36848)
Nathan H. Schnetzler (VSB #: 86437)
Frith Anderson + Peake, PC
29 Franklin Road, S.W.
Post Office Box 1240
Roanoke, Virginia 24006-1240
Phone:     540/772-4600
Fax:         540/772-9167
Email:   klondos@faplawfirm.com
               nschnetzler@faplawfirm.com
*Counsel for Lisa Tolbert, Cynthia Hall, Darlene Wells, Lisa Shaffer, and Eric Potter, M.D.*



629.0271\NHS
4817-0481-6747 .v2

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send notification of such filing to the following attorneys of record:

Laura Elizabeth Maughan, Esq.
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Phone: 804-786-0030
Fax:    804-786-4239
Email: lmaughan@oag.state.va.us

I have also mailed the foregoing by United States Postal Service to the address of record of the pro se plaintiff:

Paul C. Thompson, Jr.
Inmate # 1134145
Red Onion State Prison
P.O. Box 970
Pound, VA 24279

/s/_____
Nathan H. Schnetzler



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

- 6 -